# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2022

Lyle W. Cayce
Clerk

No. 21-50356

Art Chupka, As next friend and father of C.C., a minor child; Patricia Chupka, As next friend and mother of C.C., a minor child,

*Plaintiffs—Appellants*,

*versus*

Pflugerville Independent School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-232

Before Southwick, Haynes, and Higginson, *Circuit Judges*.
Per Curiam:*

A ninth-grade student at a Texas high school fell in physical education class and injured himself. The school called his mother and not an ambulance. The mother eventually drove her son to a medical clinic. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50356

parents on their son's behalf sued the school. The only remaining claim is that the school's failure to call emergency services amounted to discrimination under the Americans with Disabilities Act. The district court dismissed the lawsuit. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 26, 2019, C.C. was in the ninth grade at Weiss High School, a school within the Pflugerville Independent School District. On that day, he fell and broke his arm during a physical education class. He told his coach that he was experiencing pain in his arm, hip, and leg. A school nurse put him in a wheelchair. C.C. insisted he needed to go the hospital. Eventually, his mother was called and soon arrived at the school. She heard C.C. screaming, which he allegedly had been doing for almost an hour. She called for an ambulance, but, impatient with the delay, drove him to a medical clinic. Later in a hospital, doctors discovered his arm was broken in two places. He also had surgery for a dislocated and broken hip.

In January 2020, C.C.'s parents on his behalf joined a suit that had been filed in the United States District Court for the Eastern District of Texas in 2018 against another school district for violations of the Americans with Disabilities Act ("ADA") and other federal statutes. In May 2020, C.C's claims and those involving children in two other school districts were transferred to the Southern District of Texas. Among the common claims was the existence of a civil conspiracy among the school districts to avoid the expense of using emergency medical services. The conspiracy claims were dismissed. The remainder of C.C.'s case was eventually severed from those of other students and again transferred, this time to the Western District of Texas. The Pflugerville School District moved to dismiss C.C.'s remaining claims. The district court granted the motion, and C.C. timely appealed.

No. 21-50356

## DISCUSSION

The only question on appeal is whether the district court properly dismissed the ADA claim. This court reviews the grant of a motion to dismiss *de novo*. *Hawkins v. Dep't of Hous. & Urb. Dev.*, 16 F.4th 147, 152 (5th Cir. 2021). While we accept the plaintiff's factual allegations as true and construe those facts in the light most favorable to the plaintiff, the complaint still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 305 (5th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Conclusional allegations, naked assertions, and formulaic recitations of the elements of a cause of action will not do." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 413 (5th Cir. 2021) (quotation marks and citation omitted).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A *prima facie* case under the ADA requires a plaintiff to show:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004). "In addition to their respective prohibitions of disability-based discrimination, both the ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454

3

(5th Cir. 2005). An "entity knew of the disability and its consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020).

That C.C. was disabled was not contested in the district court. The only claimed disability is C.C.'s broken arm. The Pflugerville School District made no effort to argue that a student's breaking his arm at school does not immediately create a qualifying disability. The District does make that argument on appeal, but the effort comes too late. *See Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 n.2 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 713 (2021). We will proceed on the conceded application of the ADA to C.C., without suggesting we are making law for other cases.

A plaintiff seeking compensatory damages must show intentional discrimination to prevail on an ADA claim, as negligence is insufficient. *See Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 575 (5th Cir. 2002). We require "something more than 'deliberate indifference.'" *See Cadena*, 946 F.3d at 724 (citation omitted).

The issue, then, is whether the school nurse's decision to call C.C.'s mother rather than an ambulance amounted to intentional discrimination on the basis of a disability. The district court concluded that the facts of this case presented, at most, a potentially negligent medical decision. We agree with a panel of this court when it cited with approval another circuit's opinion that the ADA does not provide a remedy for medical negligence. *See Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

C.C. has not plausibly alleged a claim under the ADA.

AFFIRMED.